*50 Vroom.*                    State v. Biango.

STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. GIANO
BATTISTA BIANGO, PLAINTIFF IN ERROR.

Submitted March 21, 1909—Decided June 14, 1909.

1. The judgment of the Supreme Court is affirmed, for the reasons
   stated in the *syllabi* and opinion in that court.
2. Defendant's counsel, at the close of the counsel's argument, stated
   to the court that he wished to assign as error certain remarks of
   the prosecutor in his argument. No judicial action by the trial
   court was requested or made, and no exception was sealed to any
   ruling or refusal to rule respecting those remarks. *Held*, that
   although the entire record was brought up under section 136 of
   the Criminal Procedure act, yet no injury to the defendant
   appeared which defendant was entitled to specify without a bill
   of exceptions.

On error to the Supreme Court, whose opinion is reported
in 46 *Vroom* 284.

For the plaintiff in error, *Alexander Simpson*.

For the defendant in error, *Pierre P. Garven*, prosecutor of
the pleas.

The opinion of the court was delivered by

REED, J. This writ brings up a judgment of the Supreme
Court affirming a judgment entered upon a conviction in the
Court of Oyer and Terminer of Hudson county of Giano
Battista Biango for murder in the second degree.

The errors specified for reversal are three, viz.:

1. That the trial judge in the Court of Oyer and Terminer instructed the jury that it could not consider the question whether the defendant was guilty of manslaughter.

2. That the prosecutor, in his summing up to the jury, employed language which was illegal and prejudicial to the defendant.

3. That the trial judge illegally admitted in evidence a written paper as a dying declaration of the person found by the jury to have been killed by the defendant.

Each of these specifications were discussed by Mr. Justice Garrison in his opinion in the Supreme Court when the judgment now under review was there pronounced. All that was said in that opinion we approve, and for the reasons therein set forth, the judgment of the Supreme Court should be affirmed.

It is, however, deemed expedient, in view of the brief of counsel for the plaintiff in error in this court, to make an additional comment upon the condition of the record in respect to the specification of error, by which the language of the prosecutor on the trial below is sought to be reviewed.

By the printed book it appears that at the close of the summing up of the respective counsel, the counsel for the defendant stated to the court that he wished to assign as error certain remarks—reciting them—of the prosecutor. This was all that occurred. There was no judicial action requested, either during the summing up or at its close. The counsel for the defendant did nothing aside from stating his wish to assign as error the remarks of the prosecutor, as already observed. It therefore appears that there was no direction or ruling by the trial judge requested or made.

The Supreme Court, therefore, properly held that there was no judicial action that constituted judicial error, and no data in the record from which it could say that manifest wrong or injury had been suffered by the defendant.

The counsel for the plaintiff in error now insists that although no general exception was assigned to the alleged error committed by the prosecutor, yet the defendant is en-

titled to the benefit of that error by reason of section 136 of the Criminal Procedure act of 1898.

It is true that the entire record of the proceedings was brought up as is provided for in section 136.

It is also true that when the record is so brought up, the section provides that if it appear from such record that the plaintiff in error in the trial below had suffered wrong and injury in certain respects, whether a bill of exceptions was settled, signed and sealed thereto, or error assigned thereon or not, the appellate court shall remedy such wrong and injury and give judgment accordingly.

But the manifest wrong and injury of which advantage can be taken under this section without a bill of exceptions or error assigned, is limited by the language of the section to "errors in the admission or rejection of testimony, whether objection was made to it or not, to errors in the charge of the court, and to errors in the denial of any matter by the court, which was a matter of discretion."

These being the limits within which advantage can be taken of that section, it is apparent that if the alleged error complained of was upon the record in such a manner as to be judicially noticeable, yet no error appears in the rejection or admission of testimony, nor in the charge of the court, nor in the denial of any matter whatever.

Judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, JJ.   13.

*For reversal*—None.